## TAYLOR *v.* WHITEFIELD LUMBER COMPANY.

An attachment of the bankrupt's property, within four months preceding the commencement of proceedings in involuntary bankruptcy, is dissolved, whether such proceedings were commenced more or less than two months after the date of the attachment, and whether the bankrupt did or did not suffer or procure the property to be attached in fraud of the bankrupt act.

Mesne Process, upon which property of the defendants was attached. An involuntary petition in bankruptcy was filed against the defendants more than two months and less than four months after the date of the attachment. The plaintiff moved for judgment *in rem*, and the defendants claimed that the attachment was dissolved by the filing of the petition. The court found, as matter of law, that the attachment was dissolved, and the plaintiff excepted.

*Batchellor & Bolles*, for the plaintiff.

*Farr & Stevens*, for the defendants.

Smith, J. An attachment of a bankrupt's property, made less than four months prior to the commencement of the bankruptcy proceedings, is dissolved when such proceedings are commenced. Act of 1867, *s.* 14; U. S. Rev. St., *s.* 5044. Section 35 of the act of 1867 relates to fraudulent attachments and conveyances procured or suffered by the bankrupt within four months of the commencement of bankruptcy proceedings, and provides that the assignee may recover back the property or its value. By the act of June 22, 1874, it was provided that in cases of involuntary or compulsory bankruptcy the period of four months mentioned in section 35 be changed to two months. This amendment was in terms limited to section 35, and no attempt was made to amend section 14.

It is no objection that the amendment was unnecessary because the attachment would be dissolved if not made more than four months before the commencement of bankruptcy proceedings, and the assignee would take the property under the assignment to him from the register, divested of the attachment lien. The like provision in section 35 before the amendment was, in this view of the statute, also needless. But whatever may have been the purpose of Congress in enacting the original or amended provision, we think it is clear the lien of an attaching creditor is dissolved by bankruptcy proceedings unless it is made more than four months prior to the commencement of such proceedings.

*Exceptions overruled.*

Stanley, J., did not sit.